THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES KNAPP, | |
| Plaintiff, | |
| v. | Case No. 10 CV 3450 |
| CITY OF MARKHAM, DAVID WEBB, JR., Mayor of the CITY OF MARKHAM, in his official and individual capacity, WADE INGRAM, Chief of Police, in his official and individual capacity, and PASCAL CRAWFORD, in his individual capacity, | |
| Defendants. | Plaintiff Demands Trial By Jury |

## **COMPLAINT**

NOW COMES Plaintiff, JAMES KNAPP, by and through his undersigned counsel, complaining against Defendants, CITY OF MARKHAM, DAVID WEBB, JR., Mayor of the City of Markham, in his official and individual capacity, WADE INGRAM, Chief of Police, in his official and individual capacity, and PASCAL CRAWFORD, in his individual capacity, and states as follows:

### **Introduction**

1. Plaintiff James Knapp seeks redress for race discrimination in violation of his rights as secured under Title VII, 42 U.S.C. § 2000, et seq. (Count I); for violations of his rights of equal protection under the Fourteenth Amendment to the Constitution of the United States pursuant to 42 U.S.C. § 1983 (Count II); for violations of his right to free speech on matters of public concern in violation of the First Amendment to the United

States Constitution pursuant to 42 U.S.C. § 1983 (Count III); for breach of contract in violation of Illinois law (Count IV); and for quantum meruit in violation of Illinois law (Count V).  Plaintiff Knapp seeks declaratory and injunctive relief as well as damages for his injuries.

2.	Defendants' actions reflect a systematic policy and practice of discrimination against officers because of their race and constitute a continuing violation.

## Jurisdiction

3.	This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1343.  This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

4.	Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) because Plaintiff and all of the Defendants either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiff's claims occurred within this district.

## Administrative Proceedings

5.	On or about April 13, 2010, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR") against Defendant Markham.

6.	Plaintiff's EEOC Charge is pending.

7. Upon receipt of a determination or notice of right to sue from the EEOC, Plaintiff will amend his Complaint to include the relevant facts providing jurisdiction of this Court for Plaintiff's Title VII claim against Defendant Markham (Count I).

### The Parties

8. Plaintiff Jim Knapp ("Knapp") is a Caucasian male and a resident of Will County and is an employee of the City of Markham.

9. Defendant City of Markham ("Markham") is a municipality incorporated under the laws of the State of Illinois.

10. At all relevant times, Defendant Markham has been continuously engaged in an industry affecting commerce.

11. At all relevant times, Defendant David Webb, Jr. ("Webb") served in the elected position of Mayor of the City of Markham. Webb is sued in his official and individual capacity. Defendant Webb was and remains a final policy maker with respect to various departmental matters at issue here.

12. Defendant Wade Ingram ("Ingram") is the current Chief of Police of the City of Markham. Defendant Ingram is sued in his official and individual capacity. Defendant Ingram was and remains a final policy maker with respect to various departmental matters at issue here.

13. Defendant Pascal Crawford ("Crawford") is the former Chief of Police of the City of Markham. Defendant Crawford is sued in his individual capacity. Defendant

Crawford was a final policy with respect to various departmental matters at issue here.

14. Defendant Markham is responsible for the acts of employees acting within the scope of their employment and pursuant to a policy, custom, and/or pattern of discrimination, retaliation, and violations of individual rights to equal protection and free speech under the First and Fourteenth Amendments to the United States Constitution.

15. All individual Defendants have acted under color of state law at all material times hereto.

### Facts Upon Which Plaintiff's Claims Are Based

16. On or about April 22, 1991, Plaintiff Knapp was hired by Defendant Markham as a patrolman.

17. During his employment for Markham, Plaintiff was promoted to the Investigation Division and then to the positions of Patrol Sergeant, Investigation Sergeant, and eventually, on or about May 1, 2005, to Deputy Chief.

18. Plaintiff was also a member of the South Suburban Major Crimes Task Force ("SSMCTF") and was promoted within that organization to team leader and then to supervisor.

19. Plaintiff has had an exemplary record throughout his nearly 20-year tenure with the Markham Police Department.

20. Plaintiff Knapp satisfactorily performed his duties as deputy chief for three (3) years.

21. In fact, on February 1, 2005, the employees of the Markham Police Department wrote a letter to Mayor Webb to voice their opinion that Plaintiff Knapp was the best candidate for the position of the Chief of Police. The employees' "carefully researched" decision stated that Plaintiff Knapp is a fair and honest man, a strong leader with great potential, and that he has the integrity to hold the prestigious office of Chief of Police.

22. Plaintiff Knapp was also given the Mayor's appreciation award.

### Plaintiff Knapp Exercises Free Speech Rights

23. In 2005, Plaintiff learned that the Chief of Police, Defendant Crawford, planned to terminate five officers for violating Markham's residency requirement. Plaintiff met with Defendant Mayor Webb and advised him that the residency requirement had not been enforced during Plaintiff's fifteen years with the police department and that, because it had not been previously enforced, the officers should be given an opportunity to move within the required limits.

24. Defendant Webb told Plaintiff it was not his concern and Crawford terminated the officers.

25. On or about October 6, 2006, Plaintiff received a subpoena to testify at the arbitration hearing for the officers who had been terminated.

26. A few days prior to the hearing, Plaintiff was advised by the administrative assistant to Defendant Webb, William Relford ("Relford"), that the Mayor did not want

5

Plaintiff to testify at the hearing as to his knowledge that the residency requirement had not previously been enforced. Plaintiff told Relford that he had received a subpoena and planned to testify.

27. On the next day, Plaintiff was again contacted by Relford and advised that Mayor Webb did not want Plaintiff to testify in favor of the officers terminated.

28. Plaintiff told Relford that he planned to testify, that he would not lie under oath, and that he would tell the truth.

29. Plaintiff testified truthfully at the hearing on October 26, 2006.

30. In 2007, an arbitrator ruled in the officers' favor, ordering them reinstated with backpay.

31. At this time Mayor Webb made it known that he did not want a Deputy Chief who "does not do what he is told to do."

32. After Plaintiff testified in the arbitration hearing and after the arbitrator ruled in the officers' favor, Defendants, including Webb and Crawford, engaged in a campaign of retaliation against Plaintiff, including but not limited to: interfering with Plaintiff's investigations; changing the locks so that Plaintiff could not get into his office; falsely reporting Plaintiff missing from his job; falsely reporting Plaintiff's squad car as stolen when he had it on assignment and with permission; advising officers to "box-in" Plaintiff's squad car and take his keys; altering memos and notes written by Plaintiff; taking Plaintiff's squad vehicle and forcing him to use his personal vehicle at work; removing

6

Plaintiff from staff and command training and forcing him to use personal time and personal funds to attend; requiring Plaintiff to cut his vacation time short and return to work despite the fact that his vacation was approved by the Chief; refusing to compensate Plaintiff for work performed on a renovation project (*see* Counts IV and V below) despite prior agreement that Plaintiff would be compensated; and ultimately demoting Plaintiff.

## Defendants' Racial Animus

33. The City of Markham has a pervasive and unconstitutional custom, practice, and policy of condoning discrimination against non-African-American employees. This policy is evidenced by the numerous cases (published, unpublished, and those that never went to court) over many years where Caucasian or non-African American employees are maliciously targeted and discriminated against by the City of Markham. The pattern of constitutional violations includes, but is not limited to:

    a.    *EEOC v. Markham*, Case No. 91-cv-02444 (N.D. Ill.);

    b.    *Hunt v. Markham*, 219 F.3d 649 (7th Cir. 2000), District Court Case No. 97-cv-05620, where four white police officers brought suit against the City of Markham based on allegations of race discrimination in the City's failure to promote. The Seventh Circuit reversed the grant of summary judgment in favor of Markham on the "reverse discrimination" claim and stated that the case "charges naked discrimination by a municipal government that is controlled by blacks, who are a majority of the local population. The mayor is black, as is a majority of the city

7

council, over which he presides, and as are all the members of the board of fire and police commissioners, whom he appoints." This case settled before trial;

    c.    *Alexander v. Markham*, Case No. 97-cv-04503 (N.D. Ill.);

    d.    *Wright v. Markham*, Case No. 01-cv-07368 (N.D. Ill.); and

    e.    *Cole v. Sheehan & Markham*, Case No. 08-cv-05899 (N.D. Ill.).

34.    Pursuant to the pervasive and unconstitutional custom, practice, and policy of condoning discrimination against non-African-American employees, Defendants, including Webb, Crawford, and Ingram, discriminated against Plaintiff because of his race, including but not limited to: interfering with Plaintiff's investigations; changing the locks so that Plaintiff could not get into his office; falsely reporting Plaintiff missing from his job; falsely reporting Plaintiff's squad car as stolen when he had it on assignment and with permission; advising officers to "box-in" Plaintiffs squad car and take his keys; altering memos and notes written by Plaintiff; taking Plaintiff's squad vehicle and forcing him to use his personal vehicle at work; removing Plaintiff from staff and command training and forcing him to use personal time and personal funds to attend; requiring Plaintiff to cut his vacation time short and return to work despite the fact that his vacation was approved by the Chief; refusing to compensate Plaintiff for work performed on a renovation project (*see* Counts IV and V below) despite prior agreement that Plaintiff would be compensated; and ultimately demoting Plaintiff.

8

## Plaintiff is Demoted

35. On May 22, 2008, Plaintiff received a memo stating that all city vehicles were to be left at the station unless the officer is the on-call detective. At that time Plaintiff was told that the memo did not apply to him because he was the on-call detective for all major crimes and the SSMCTF.

36. On or about June 6, 2008, Defendants demoted Plaintiff from his position as Deputy Chief to the civil service rank of Sergeant by way of memorandum from Chief Crawford.

37. One of the stated reasons for Plaintiff being demoted was his failure to leave his vehicle at the station while not on-call.

38. At all relevant times, however, Plaintiff was the on-call detective for all major crimes and the SSMCTF.

39. As to the other stated reasons for Plaintiff's demotion, Chief Crawford could not explain them.

40. Plaintiff did not engage in any misconduct, and did not engage in any conduct that warranted Defendants' demotion of him.

41. When Plaintiff asked Chief Crawford why he was being demoted, Crawford responded, "You know what this is about," and told Plaintiff that once he (Crawford) retired he would explain to Plaintiff why this was happening to him.

9

42. Defendants demoted Plaintiff because of his race (Caucasian) and in retaliation of his truthful testimony relating to the officers who were terminated for violating the City's residency requirement.

43. As a replacement for Plaintiff, the City Council of Markham appointed an African-American patrolman to the position of Deputy Chief.

44. On or about June 12, 2008, Defendants removed Plaintiff from the SSMCTF.

45. Defendants removed Plaintiff from the SSMCTF because of his race (Caucasian) and in retaliation of his truthful testimony relating to the officers who were terminated for violating the city's residency requirement.

46. In or about June, 2009, Defendants demoted Plaintiff from his position in the Investigation Division to the Patrol Division.

47. Defendants demoted Plaintiff because of his race (Caucasian) and in retaliation of his truthful testimony relating to the officers who were terminated for violating the city's residency requirement.

48. Defendant Markham has a policy, practice and/or custom of allowing and condoning discrimination against Caucasian or other non-African-American employees.

49. Defendant Markham has a policy, practice and/or custom of allowing and condoning retaliation against employees who exercise their right to free speech on matters of public concern.

50. As a result of Defendant's conduct, Plaintiff has suffered great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

## COUNT I

**(Title VII Race Discrimination**

**v. City of Markham)**

51. As against Defendant Markham, Plaintiff restates and realleges by reference paragraphs 1 through 50 above as though fully set forth herein.

52. The actions of Defendant Markham as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of his race, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), et seq.

53. Defendant Markham has engaged in a policy, pattern, and practice of discrimination based on race.

54. Public Officials and elected representatives of the City of Markham have openly made racially offensive statements to and about white police officers and white citizens of the City of Markham, including, but not limited to:

    a. Stating that the City needs to get rid of the old white police officers;

11

      b.      Stating that it's the blacks turn to govern in Markham;

      c.      Asking a white police officer when he was going to quit so they can bring up the young black officers;

      d.      Stating that if you are white, get out;

      e.      Stating that white officers are not worth anything; and

      f.      Stating that whites are the minority now and might as well move out.

55. At all relevant times, Plaintiff was performing his job up to Markham's legitimate expectations.

56. Defendant Markham intentionally discriminated against Plaintiff based on his race and denied him equal opportunities, including but not limited to: being subjected to discriminatory acts and harassment, subjected to unwarranted and disproportionate disciplinary action, subjected to unlawful demotion, and treated differently in the terms and conditions of his employment.

57. The actions of Defendant Markham in intentionally engaging in and condoning racial discrimination against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully requests:

A. All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

B. Compensatory damages in an amount to be determined at trial;

C. A permanent injunction enjoining Defendant from engaging in the discriminatory practices complained of herein;

D. A permanent injunction requiring Defendant adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000(e) et seq.;

E. The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

F. Punitive damages as allowed by law;

G. An award of reasonable attorneys' fees, costs, and litigation expenses; and

H. Such other relief as the Court may deem just or equitable.

## COUNT II

**(42 U.S.C. § 1983 Violation of Equal Protection**

**v. All Defendants)**

58. As against all Defendants, City of Markham, Webb, Ingram, and Crawford, Plaintiff restates and realleges by reference paragraphs 1 through 50 above as though fully set forth herein.

59. Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment that altered the conditions of Plaintiff's employment.

60. At all times relevant hereto, Defendants acted as employees, supervisors, and final policymakers for the City of Markham.

61. The conduct of Defendants was and became the custom and practice of the City of Markham, Mayor Webb, Chief Ingram, and Crawford officially and individually.

62. The actions of Defendants against Plaintiff violate his equal protection right to be free from discrimination under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

63. The actions of Defendants were intentional, willful, and malicious and/or in deliberate indifference for Plaintiff's rights as secured by 42 U.S.C. § 1983.

64. The actions of Defendants in discriminating against Plaintiff based on his race caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully requests:

- A. All wages and benefits Plaintiff would have received but for the discrimination, including pre-judgment interest;

- B. Compensatory damages in an amount to be determined at trial;

- C. Defendants be required to pay pre-judgment interest to Plaintiff on these damages;

    D.    A permanent injunction enjoining the Defendants from engaging in the discriminatory practices complained of herein;

    E.    A permanent injunction requiring the Defendants adopt employment practices and policies in accord and conformity with the requirements of the United States Constitution and pursuant to 42 U.S.C. § 1983;

    F.    The Court retain jurisdiction of this case until such time as it is assured that Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

    G.    Punitive damages as allowed by law as against the individual Defendants in their individual capacity only;

    H.    An award of reasonable attorneys' fees, costs, and litigation expenses; and

    I.    Such other relief as the Court may deem just or equitable.

## COUNT III

**(42 U.S.C. § 1983 First Amendment Retaliation (Free Speech)**

**v. All Defendants)**

65.    As against all Defendants City of Markham, Webb, Ingram, and Crawford, Plaintiff restates and realleges by reference paragraphs 1 through 50 above as though fully set forth herein.

66.    Defendants intentionally retaliated against Plaintiff for testifying truthfully during the arbitration hearing about his knowledge on the lack of enforcement of the residency requirement.

67.    Plaintiff's speech was on matters of public concern.

68. At all times relevant hereto, Defendants acted as employees, supervisors, and final policymakers for the City of Markham.

69. The conduct of Defendants was and became the custom and practice of the City of Markham, Mayor Webb, Chief Ingram, and Crawford officially and individually.

70. By Defendants' actions, Plaintiff suffered compensable injury and harm as a result of the denial of rights guaranteed to him pursuant to the First Amendment to the United States Constitution.

71. The conduct of Defendants violated Plaintiff's right to free speech based on matters of public concern as provided by the First Amendment to the Constitution.

72. Defendants intentionally retaliated against Plaintiff with malice or reckless indifference to Plaintiff's civil rights, thereby entitling Plaintiff to punitive damages.

73. The actions of the Defendants have caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

74. The actions of the Defendants were intentional, willful, and malicious and/or in reckless disregard of Plaintiff's rights as secured by 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff respectfully requests:

    A.    All wages and benefits Plaintiff would have received but for the discrimination, including pre-judgment interest;

    B.    Compensatory damages in an amount to be determined at trial;

  C. Defendants be required to pay pre-judgment interest to Plaintiff on these damages;

  D. A permanent injunction enjoining the Defendants from engaging in the retaliatory practices complained of herein;

  E. A permanent injunction requiring Defendants to adopt employment practices and policies in accord and conformity with the requirements of the United States Constitution and pursuant to 42 U.S.C. § 1983;

  F. The Court retain jurisdiction of this case until such time as it is assured that Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

  G. Punitive damages as allowed by law;

  H. An award of reasonable attorneys' fees, costs, and litigation expenses; and

  I. Such other relief as the Court may deem just or equitable.

## COUNT IV

### (Breach of Oral Contract

### v. City of Markham)

75. As against Defendant City of Markham, Plaintiff restates and realleges by reference paragraphs 1 through 50 above as though fully set forth herein.

76. In 2006, Plaintiff proposed and received approval on a renovation project of the Police Department.

77. Plaintiff and Defendant Markham, through its agents, mutually agreed that Plaintiff would be compensated his time, services, and expenses spent working on the

renovation project.

78. Others who worked on the renovation project were compensated for their time.

79. For approximately one year, Plaintiff dedicated his weekends and holidays to working on this renovation project. Plaintiff worked on this renovation for ten hours or more every weekend.

80. Plaintiff performed this work in return for Markham's agreement to pay Plaintiff for his services.

81. Markham accepted and utilized Plaintiff's services.

82. Had Defendants hired a contractor to do the renovations it would have cost Markham close to $1,000,000.00.

83. The projected budget of this renovation project was $100,000.00 for materials only. Defendants paid for the cost of materials of the renovation.

84. Defendants owe the outstanding sum of at least $85,000 in unpaid overtime to Plaintiff for his services in the renovation project.

85. Defendants' failure to pay the amount due to Plaintiff constitutes a breach of the parties' agreement.

86. As a direct and proximate result of said breach, Plaintiff has incurred damages in the amount of at least $85,000 in unpaid overtime on this project.

**WHEREFORE**, for the reasons set forth above, Plaintiff James Knapp respectfully requests judgment in its favor and against Defendant Markham, in the amount of at least $85,000 in unpaid overtime, plus court costs; and for such other and further relief as the Court may deem just and equitable.

## COUNT V

### (Quantum Meruit

### v. City of Markham)

87. Pleading in the alternative and without prejudice to the allegations contained in Count IV, the Plaintiff states as follows:

88. As against all Defendant City of Markham, Plaintiff restates and realleges by reference paragraphs 76 through 86 above as though fully set forth herein.

89. Plaintiff performed services and incurred expenses to renovate the police department at the request of Markham, and with the expectation that Markham would pay Plaintiff the fair and reasonable value of the services rendered and the costs incurred.

90. Markham voluntarily and knowingly accepted the work services performed by Plaintiff, and enjoyed the benefit of those services.

91. The balance due on the fair and reasonable value of the services performed by and the expenses incurred by Plaintiff on behalf of Markham totals at least $85,000 in upaid overtime.

92. Markham has wrongfully failed to pay Plaintiff said sum, and as a direct and proximate result thereof, Plaintiff has been damaged in the sum of at least $85,000 in unpaid overtime.

WHEREFORE, for the reasons set forth above, Plaintiff James Knapp respectfully requests judgment in its favor and against Defendant Markham, in the amount of at least $85,000 in unpaid overtime, plus court costs; and for such other and further relief as the Court may deem just and equitable.

Respectfully submitted:

JAMES KNAPP

*s/Dana L. Kurtz*

Attorney for Plaintiff

Dana L. Kurtz, Esq. (ARDC# 6256245)
KURTZ LAW OFFICES, LTD
414 South State Street
Lockport, Illinois 60441
Phone: 815.838.0968
Facsimile: 312.893.2239
E-mail: dkurtz@kurtzlaw.us